TOWN OF GREENBURGH, Suing on Behalf of Itself and Other Creditors of JOHN G. PEENE, Deceased, Respondent, *v.* JOHN H. COYNE, Individually and as Surviving Executor of FRANCIS T. HOLDER, Deceased, et al., Appellants, Impleaded with Others.

Limitation of actions — wrongful sale of bonds by commissioners appointed to construct highway whereby proceeds were lost — recovery in action by assignee of contractors against town for value of construction work performed — action by town against representatives of commissioner, brought immediately after entry of judgment but twenty years after wrongful sale, barred — section 14 of Civil Practice Act not applicable.

1. Where commissioners appointed under chapter 493 of the Laws of 1892 had received from a town its bonds in a large amount for the purpose of paying its share of the cost of construction of a highway

and the commissioners wrongfully sold the bonds, partly on credit, with the result that through failure of the purchasers the commissioners were without funds to pay for work done, and whereupon a third party paid the amounts due the contractors, taking an assignment of their claims whereon he afterward recovered judgment against the town in an action wherein it was determined that the town was liable for the amount due under the construction contracts, an action by the town against the representatives of a commissioner and others to secure relief from the burden laid upon it as the result of the unlawful sale, brought immediately after the judgment was rendered against it but more than twenty years after the wrongful act of the commissioners, is barred by the Statute of Limitations.

2. The bar of the statute is not affected by the provision of section 14 of the Civil Practice Act that " Where an injury results from the act or omission of a deputy or agent, the time within which an action to recover damages by reason thereof must be commenced by the principal against the deputy or agent must be computed from the time when a judgment against the principal for the act or omission is first recovered by the aggrieved person." In order to make the statute applicable there must be an act or omission of an agent which injures some third party and a subsequent judgment recovered by that aggrieved party against the principal for the wrongful act of the agent which has thus injured him. The action by the assignee referred to in this case was not based on any act or omission of the commissioners. It was based on the contract of the town to pay for the work and was brought to enforce that promise. (*President, etc., of Bank of Utica* v. *Childs*, 6 Cow, 238, distinguished.)

*Town of Greenburgh* v. *Coyne*, 204 App. Div. 897, reversed.

(Argued June 4, 1923; decided July 13, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 22, 1922, which affirmed an order of Special Term denying a motion by defendants for judgment upon the pleadings.

The following questions were certified to and answered by the court:

" I. Did the first alleged cause of action set forth in the amended complaint accrue within the time limited by law for the commencement of an action thereon?

" II. Did the second alleged cause of action set forth

in the amended complaint accrue within the time limited by law for the commencement of an action thereon?

" III. Did the third alleged cause of action set forth in the amended complaint accrue within the time limited by law for the commencement of an action thereon?

" IV. Did the fourth alleged cause of action set forth in the amended complaint accrue within the time limited by law for the commencement of an action thereon? "

*Chester B. Masslich, James H. Caldwell, Charles C. Marshall* and *Dudley Miller* for appellants. The causes of action did not accrue within the time limited by law. (Civ. Pr. Act, § 48, subds. 1, 2, § 53; *Citizens Sav. Bank* v. *Town of Greenburgh,* 173 N. Y. 215; *Coyne* v. *Town of Greenburgh,* 194 App. Div. 861; Wood on Lim. [4th ed.] § 179; *Power* v. *Munger,* 52 Fed. Rep. 705; *Wilcox* v. *Plummer,* 4 Pet. 172; *Crowley* v. *Johnston,* 96 App. Div. 319; *Ashton* v. *City of Rochester,* 133 N. Y. 187; *Borst* v. *Corey,* 15 N. Y. 505; *Bank* v. *Bussing,* 147 N. Y. 665.)

*Ernest P. Hoes* and *Ernest Freeland Griffin* for respondent. The Statute of Limitations is not a bar. (*Ayers* v. *Lawrence,* 59 N. Y. 192; *Conkling* v. *Weatherwax,* 181 N. Y. 258; *Town of Ontario* v. *Hill,* 33 Hun, 250; 99 N. Y. 324; *Bank of Utica* v. *Childs,* 6 Cow. 238; *Argall* v. *Bryant,* 1 Sandf. 98; *Town of Venice* v. *Breed,* 65 Barb. 597; *Northrop* v. *Hill,* 57 N. Y. 352; *People ex rel. Pennell* v. *Treanor,* 15 App. Div. 508; *Coyne* v. *Greenburgh,* 194 App. Div. 861; *Bergman* v. *Lord,* 194 N. Y. 70.)

Hiscock, Ch. J. This action springs out of proceedings instituted for the construction of a highway through the plaintiff town and one or more other towns and it involves a long history. The problems which are presented for our consideration arose on a motion by defendants for judgment on the complaint and certain affidavits whereby

were presented questions whether the complaint set forth good causes of action and whether, if it did, those causes of action were barred by the Statute of Limitations.

Chapter 493 of the Laws of 1892 was "An act to provide for the construction of highways and bridges upon highways running through two or more towns of the same county." By this act it was provided amongst other things that upon the application of freeholders of certain counties, including the county of Westchester wherein is located the plaintiff town, the Supreme Court might determine that a highway in one town should be continued along and through another town in the same county and might appoint three commissioners whose duty it should be to make a survey of the proposed highway and cause the grading and construction thereof to be done by contract; that each of the towns responsible therefor should issue its bonds for the purpose of paying the cost of constructing such road and certain damages which were provided for. Said act then provided, which is especially important in this case, that the bonds to be issued by the town should be " delivered to the said commissioners to be paid out by them at not less than par in liquidation of the said damages, costs, charges and expenses of laying out, opening and constructing the said road or at their option,    *    *    *    be sold at not less than par and the proceeds thereof applied as aforesaid."

In proceedings duly taken a man named Peene and two others were appointed commissioners of the plaintiff town of Greenburgh for the purpose of laying out and constructing a highway as in said act authorized and they entered into a contract for the construction thereof at a large expense. Further, in accordance with the provisions of said act the plaintiff through its specified authorities executed and delivered to said commissioners bonds of the par value of $149,000 for the purpose of paying the cost of construction under said contract and certain other authorized expenses. The commissioners in

faithless disregard of their duty did not, as required by the statute, use the bonds themselves at par, or the proceeds of the bonds sold at par, in discharge of the obligations of the contract which they had executed. On the other hand, they sold said bonds to New York brokers in part for cash and in part on credit with the result that said brokers shortly afterwards failing the commissioners were without the funds which they should have had to pay the contractors for the work done under their contract, and the latter instituted proceedings against the commissioners to compel payment of the sums due them and proposed to discontinue work under their contract. At this juncture a man named Holder, who was the father-in-law of Peene, one of the offending commissioners, made an agreement with the contractors whereby in substance it was provided that the latter should complete their contract, that he, Holder, would pay the amounts due to them thereon and that they should assign to him their claims for the work so done. This arrangement was carried out and Holder became the assignee and owner of a large amount of claims due under the contract for its performance and subsequently he brought an action against the present plaintiff and others upon those claims for the recovery of money due thereunder, and inasmuch as the nature of that action is of considerable importance in passing upon the question which we regard as decisive upon this appeal we shall state its scope and purpose with precision although as briefly as may be.

The complaint after various formal allegations and after setting forth the history of the proceedings for the construction of the highway including the execution of the contract and the default in payments thereon alleged that plaintiff's agreement with the contractors hereinbefore summarized was made at the request of the commissioners of the town heretofore mentioned and upon the agreement that certain securities delivered by

the New York brokers as collateral security for the payment of the unpaid purchase price of the bonds which they had purchased should be held for the benefit of the plaintiff and the proceeds thereof applied to the repayment to him of moneys due to the original contractors and assigned to him and " that said agreement between him and said commissioners was made by them for the benefit and in behalf of the defendant (in that action) Town of Greenburgh and that said commissioners acted as agents of said town in the premises." And after setting forth the amounts claimed to be due him by reason of payments made to the contractors and claims assigned to him plaintiff demanded judgment that the amount due him be determined; that the collateral securities heretofore mentioned be sold and the proceeds applied to his credit and that he have judgment for any deficiency over and above such proceeds against the town of Greenburgh and the defendant commissioners, who were joined as defendants. The answer served by the town was long and repetitious. The important part of it so far as this case is concerned was the denial that the commissioners who acted in making the contract were in any respect the officers or agents of the town.

After a long litigation it was determined that in making the construction contract heretofore specified the commissioners were the agents of, and acted in behalf of said town and that the latter, as principal, was liable for the amount due thereunder, and judgment was given accordingly against the town for a large sum.

Almost immediately after this judgment was rendered by this court this action was started against the representatives of Peene and Holder and others to secure relief from the twofold burden which had been laid upon the town as the result of the unlawful bond sale of Peene and his associates. It contains four causes of action which it is unnecessary to summarize at any great length for reasons which will hereafter appear. It may be stated

briefly that one cause of action seeks an accounting from the original commissioners and their successors for their conduct and that the plaintiff have judgment for the return of any of its property in the hands of any of said defendants and such money judgment as may be proper. Another cause of action upon allegations that the original commissioner Peene directly and with the aid of Holder had fraudulently transferred property to his wife and that she was the real equitable owner of Holder's claim and judgment against the town, sought an accounting wherein might be discovered the amount of property so fraudulently transferred to her and that the plaintiff herein might have the benefit of the proceeds of such property and that any judgment recovered by plaintiff might be set off against the judgment recovered by Holder against it. Another cause of action sought recovery of the sum of $10,000 expenses incurred by plaintiff in defending the action brought against it by Holder above mentioned, and a fourth cause of action sought to pursue into the hands of Peene's wife and legatees the proceeds of any of his property which might have been distributed.

Under the conclusions which we have reached it is unnecessary to discuss the long and somewhat complex complaint for the purpose of deciding whether the different counts thereof do set forth facts sufficient to constitute a cause of action. Much more than twenty years had elapsed between the acts of the unfaithful commissioners which resulted in the imposition upon the plaintiff of a double liability and the commencement of this action against them and their respective representatives and successors. Concededly the causes of action set forth in the complaint, assuming them to be well stated, are barred by the Statute of Limitations unless this bar is prevented by a certain statutory provision. That provision, now section 14 of the Civil Practice Act and heretofore section 407 of the Code of Civil Procedure,

provides as follows: " Where an injury results from the act or omission of a deputy or agent, the time within which an action to recover damages by reason thereof must be commenced by the principal against the deputy or agent must be computed from the time when a judgment against the principal for the act or omission is first recovered by the aggrieved person."

The question with which we are confronted is the one whether this provision is applicable to the facts of this litigation and means that plaintiff was not compelled to commence an action against Peene and his fellow commissioners based on their breach of duty in respect of and in connection with the bonds sold by them as above stated, until after Holder had recovered his judgment against plaintiff for the amounts due under the contract for the construction of the highway as hereinbefore stated. There are no authorities defining the meaning and application of this provision. All that we have is a note in connection with the original insertion of the provision in the Code that it was adopted for the purpose of overcoming the rule laid down by the court in *President, etc., of Bank of Utica* v. *Childs* (6 Cow. 238) and to which case we shall hereafter refer.

Under those circumstances although feeling quite willing liberally to construe this statute for the benefit of the town which apparently has been both betrayed and outwitted by Peene and his associates and Holder, his father-in-law, we still are unable to conclude that the statute is applicable. Its controlling provisions are that " where an injury results from the act or omission of a deputy or agent " the time within which an action must be commenced by the principal against such deputy or agent does not commence to run until " a judgment against the principal for the act or omission is first recovered by the aggrieved person." Thus in order to make the statute applicable there must be an act or omission of an agent which injures some third party and

a subsequent judgment recovered by that aggrieved party against the principal for the wrongful act of the agent which has thus injured him. In our judgment both of those features within the meaning of the statute are lacking in this case. The plaintiff argues that the act of the original commissioners which caused injury to the contractors to whose rights Holder subsequently succeeded was the failure to pay the moneys due them under the contract. We do not think that that was the wrongful act or omission meant by the statute but that it was simply one of the consequences of what was really the wrongful act. The wrongful act of which the commissioners were guilty was the sale of the bonds which were issued to them in part on credit in defiance of the provisions of the statute and of their obligations to their principal. What else happened was simply one of the consequences of that act. Then keeping in mind that the plaintiff is compelled to establish that the wrongful act or omission of the commissioners was one for which the contractors or their assignee might bring an action, we see that this dereliction of the commissioners in the wrongful sale of the bonds furnished no such cause of action. The contractors and Holder as their assignee had no legal connection with and no cause for complaint because the commissioners wrongfully sold the bonds; they were not legally interested in that act. Their only claim was that when they performed their contract they should be paid and it was immaterial where the money came from or what the commissioners had done in procuring it or what the cause of non-payment was. They were not legally " aggrieved " by the failure of the commissioners to follow their duty in selling the bonds.

The action which was brought by Holder as assignee against the town was not based upon an act or omission of the commissioners whereby the plaintiff had been aggrieved. As we have taken pains to point out, the action was brought to recover moneys due from the

1923.]              Opinion, per Hiscock, Ch. J.      [236 N. Y. 296]

town under a contract and the great question in the litigation was whether the commissioners were so the agents of the town that the latter was liable on the contract executed by them. This cause of action and the judgment rendered thereon had no reference whatever to the improper sale of the bonds. As we have stated, the plaintiff argues that this action was within the meaning of the statute because brought by the plaintiff who was aggrieved by the failure of the commissioners to pay him or his assignors and that, therefore, it was based upon the act or omission of the agents. This seems to us to be clearly incorrect. The action was not based on any act or omission of the commissioners. It was based on the contract of the town to pay for the work and was brought to enforce that promise.

We think that the difference between the acts or omissions of the agent relied upon as a basis for this action and those which are really contemplated by the statute is sufficiently illustrated by the case of *President, etc., of Bank of Utica* v. *Childs* (*supra*) and which is said to have led to the enactment of this statutory provision.

In that case a notary who was the agent and employee of the bank negligently failed to charge a prior indorser on a note by giving notice of non-payment and as the result of which subsequent indorsers were compelled to pay the note. The latter then brought action against the bank for the damages caused by the neglectful omission of its agent and recovered judgment and the bank then brought suit against the notary but was defeated on the ground that its cause of action accrued when its agent negligently failed to protest the note rather than at the time when the parties who were directly injured by such failure recovered judgment against it for their damages. In that case the agent by his omission violated the obligations which his principal directly and legally owed to third parties and those third

parties were directly and legally injured and aggrieved by such omission. That is the character of act or omission which we believe is contemplated by this statute and the difference between it and the dereliction of the commissioners in the sale of the bonds in respect of third parties seems to us quite plain.

The orders appealed from should, therefore, be reversed, with costs in all courts, and motion granted, with costs, and the 1st, 2d, 3d and 4th questions certified to us answered in the negative, it being unnecessary to answer the remaining questions.

HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Orders reversed, etc.