WALTER READE, Respondent, *v.* JOSEPH T. P. SULLIVAN, Appellant.

First Department, April 5, 1940.

*Frederick W. Sperling*, for the appellant.

*Solomon Goodman*, for the respondent.

PER CURIAM. The complaint is insufficient for failure properly to allege damage. The pleading fails to show that defendant would have derived more than $12,000 per annum as profit upon the stock owned by him if he had performed the contract pursuant to its terms. "In the absence of allegations of fact showing damage, allegations of a breach of contract are not sufficient to sustain a complaint." (*Deutsch* v. *Textile Waste Merchandising Co.*, 212 App. Div. 681, 687; *Conti* v. *Cohen, Inc.*, 197 id. 302.)

In the contract upon which plaintiff relies the only consideration mentioned is one dollar paid by each party to the other. Under the terms of the agreement, for the exchange of one dollar, defendant promised, during a specified period, to give to plaintiff one-half of defendant's income in defendant's stock in the City Theatres Company in excess of $12,000 per annum. No other consideration is alleged in the complaint. As a general rule the recitals of a

written instrument as to the consideration are not conclusive, and it is competent to inquire into the consideration and to show by parol or other extrinsic evidence what the real consideration was. That there was some other consideration in addition to that set forth may be proved, especially where the consideration stated is only nominal. (*Hope* v. *Smith*, 35 N. Y. Super. Ct. [3 J. & S.] 458, 460; affd., 58 N. Y. 380; *Lynch* v. *Hunneke*, 61 N. Y. Super. Ct. [29 J. & S.] 235, 243; *King* v. *Union Trust Co.*, 148 App. Div. 110; affd., 208 N. Y. 566; 22 C. J. 1157.) However, in order to permit proof of consideration other than that specified in the contract, which proof plaintiff indicates he will offer, the complaint should contain an averment of such additional consideration as to prevent surprise upon the trial.

The order denying defendant's motion for judgment on the pleadings should be reversed, with twenty dollars costs and disbursements, and defendant's cross-motion for judgment dismissing the complaint granted, with leave to plaintiff to serve an amended complaint within twenty days after service of order upon payment of said costs.

Present — MARTIN, P. J., TOWNLEY, DORE, COHN and CALLAHAN, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted, with leave to plaintiff to serve an amended complaint within twenty days after service of order upon payment of said costs.