RYAN READY MIXED CONCRETE CORP., Respondent, v. ROBERT J. COONS et al., Appellants.— In an action to recover damages arising out of defendant insurance brokers' alleged breach of contract to obtain effective liability insurance for plaintiff, and fraud on the part of defendant Coons, defendants appeal from an order of the Supreme Court, Kings County, entered August 26, 1965, which denied their motion to dismiss all plaintiff's four causes of action on the ground that they were barred by the Statute of Limitations (CPLR 3211, subd. [a], par. 5). Order affirmed, without costs. Plaintiff alleges that defendant insurance brokers breached two specific contracts to obtain insurance covering plaintiff for successive periods of one year, commencing respectively in the years 1958 and 1959, with the result that plaintiff was required to pay claims and attorney's fees. Defendants did place a policy for the first year, but after a claim was presented, the insurer disclaimed liability, in August, 1959, on the ground of defendants' misrepresentation of plaintiff's loss experience. No insurance was ever obtained for the second year, although defendants sent plaintiff a description of a policy and plaintiff paid the corporate defendant the purported premium of $5,000. We believe that the allegations in each cause of action are sufficient to classify the action as sounding in contract in spite of the frequent references to negligence of defendants. (*Robins* v. *Finestone*, 308 N. Y. 543, 547.) The fourth cause of action also alleges an action in fraud, as it complains of a false representation made by defendant Coons to plaintiff, upon which the latter relied, to its damage, and alleges that Coons "should have known" that the representation was false. A false representation recklessly made may be sufficient to supply the *scienter* necessary for an action in fraud (*State St. Trust Co.* v. *Ernst*, 278 N. Y. 104, 112; *First Nat. Bank of Hempstead* v. *Level Club*, 241 App. Div. 433). We do not agree with the Special Term, however, that an action in fraud is set forth in the third cause of action, which alleges that defendant Coons made false representations, not to plaintiff, but to the insurer. Defendants concede that the second and fourth causes of action, if they sound in contract or fraud, are timely, but contend that the first and third causes of action are barred by the Statute of Limitations if classified as contract actions. The summons was not served until December, 1964 and defendants claim that the breach, if any, occurred and the cause thereon accrued no later than April, 1958, when they failed to inform the insurer of plaintiff's loss experience. Plaintiff argues that the statute ought not commence to run until the disclaimer by the insurer in August, 1959. It is our opinion that the latter contention must prevail. Although many cases hold that in a contract action in the statute starts to run from the breach of the contract (see *Guild* v. *Hopkins*, 271 App. Div. 234, 244; *Varga* v. *Credit-Suisse*, 5 A D 2d 289), there are cases in which the breach and the accrual of the cause of action are not simultaneous. The statute commences to run from the time when the plaintiff is first enabled to bring his action (*Cary* v. *Koerner*, 200 N. Y. 253, 259; *Edlux Constr. Corp.* v. *State of New York*, 252 App. Div. 373). It is well established that allegations of a breach of contract are not sufficient to sustain a complaint in the absence of allegations of fact showing damage (*Reade* v. *Sullivan*, 259 App. Div. 229; *Deutsch* v. *Textile Waste Merchandising Co.*, 212 App. Div. 681; *Conti* v. *Max Cohen, Inc.*, 197 App. Div. 302). It follows that a breach of contract action against defendants would not lie prior to the insurer's disclaimer (at the earliest) because no damages could be shown. Accordingly the Statute of Limitations

does not bar the first and third causes of action. A similar result could be more simply arrived at if the policy of CPLR 206 (subd. [b]) could be applied here. That subdivision provides that, where a judgment is entered against a principal, the time does not commence to run on the principal's action against an agent who is responsible until the action against the principal is finally determined. Inexplicably, however, the application of this doctrine is limited to instances where the judgment was based upon an injury resulting from the agent's act or omission. Cases like the instant one have long been denied similar consideration (*Town of Greenburgh* v. *Coyne*, 236 N. Y. 296, 305), but the distinction seems arbitrary and invidious, the more so since this provision of the CPLR is even more generous to plaintiffs in cases where the action involves the agent's lack of authority. As to such cases it states that the statute is tolled until actual discovery, without reference to whether plaintiff should have discovered the lack of authority earlier. In the light of the foregoing it seems unnecessary for plaintiff, in an attempt to toll the Statute of Limitations, to rely upon the doctrine of equitable estoppel. The court has power, however, to deny a party the right to interpose the defense of the Statute of Limitations where such party's conduct would render the assertion of the defense inequitable (General Obligations Law, § 17-103, subd. 4, par. b). Although it is not clear how the facts alleged would justify an equitable estoppel in regard to the first and third causes of action, the plaintiff, should the need arise, will be permitted to litigate that issue at trial (*Erbe* v. *Lincoln Rochester Trust Co.*, 13 A D 2d 211). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.