■ ANTOINETTE FILS, as Administratrix, et al., Appellants, v DOROTHY BRUNKHURST et al., Respondents.—In a negligence action to recover damages for wrongful death, etc., plaintiff appeals from a judgment of the Supreme Court, Rockland County, entered July 15, 1976, which is in favor of defendants, upon the trial court's dismissal of the complaint at the close of plaintiffs' case, at a jury trial. Judgment reversed, on the law, without costs or disbursements, and new trial granted. No questions of fact were presented on this appeal. We have examined this record to ascertain whether there is any evidence from which a finding that defendants were negligent may reasonably be inferred. We conclude that a prima facie case was established and that the case should have gone to the jury. This conclusion is bolstered by the fact that in a death action a plaintiff is not held to as high a degree of proof as in a case where an injured plaintiff is able to testify at the trial (*Noseworthy v City of New York,* 298 NY 76). Martuscello, J. P., Suozzi, Rabin and Gulotta, JJ., concur.

■ HARTFORD INSURANCE COMPANY, Appellant, v COUNTY OF NASSAU et al., Respondents.—In an action by an insurer to declare, *inter alia,* that it is not obligated to defend or indemnify the defendant County of Nassau in a negligence action brought against it as a result of a certain automobile accident, the plaintiff appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County, dated September 15, 1977, as, upon granting reargument of a decision of that court dated July 28, 1977, adhered to said decision, and (2) from a judgment of the same court, entered October 24, 1977, which was entered upon the July 28, 1977 decision and which, after a nonjury trial, directed the plaintiff insurer (a) to defend the County of Nassau in the negligence action and (b) to pay any judgment rendered against the county in that action subject to the limits of the insurance policy issued by it to the county which was in effect on the date of the accident. Appeal from the order dismissed, without costs or disbursements. No appeal lies from an order made on a motion to reargue a decision. Judgment reversed, on the law, without costs or disbursements, and it is declared that the plaintiff is not obligated to defend or indemnify the County of Nassau for any claims arising out of the January 21, 1973 accident involving Richard A. Jaeger and John V. Carr. The failure of the county to notify plaintiff of its claim from April, 1973, when it was served with a notice of claim, until November, 1976—a period of about 43 months —was an unreasonable delay as a matter of law, and bars the county's claim by reason of the policy provisions requiring the insured to give notice as soon as "practicable". The county's contention that it was not aware that the policy issued to it by the plaintiff covered it for the claim does not suffice to excuse this extraordinary delay. Furthermore, under the facts of this case, the insurer's delay in disclaiming was not unreasonable as a matter of law (cf. *Allstate Ins. Co. v Gross,* 27 NY2d 263). Suozzi, J. P., Cohalan, Margett and Hawkins, JJ., concur.