■ PEARL CARLIN, Respondent, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant. (And Third- and Fourth-Party Actions).—In an action to recover the amounts withheld on certain life insurance policies on account of loans which were made thereon, defendant appeals from so much of an order of the Supreme Court, Nassau County, entered April 4, 1978, as denied its motion for partial summary judgment on the ground that the Statute of Limitations (CPLR 213, subd 2) barred plaintiff's action with respect to several of the loans. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion granted. Plaintiff was the beneficiary of certain life insurance policies taken out by her husband. She became the owner of those policies after they were assigned to her. The complaint alleges that the policies decreased in cash value due to a series of loans which were taken out against them after she became the owner and allegedly without her authorization or consent. On the death of the insured, the defendant, pursuant to express provisions of the policies in question, set off the amounts of the outstanding loans against the proceeds payable to plaintiff as beneficiary. Plaintiff then instituted this action to recover that portion of the proceeds she claims was wrongfully withheld. Plaintiff attacks the loan transactions, which were made in strict accordance with the contract terms, in her role as owner of the policies. Under the facts in this case, plaintiff has no standing to complain about the loan transactions in her status as beneficiary (see *Fankuchen v Fankuchen,* 63 Misc 2d 348). When the loans on plaintiff's policies were made, there was an immediate decrease in the cash surrender value of the policies (see 30 NY Jur, Insurance, § 865). It is this undesired decline in value which comprises her damages. Hence, this is a case where the breach, if any, and the resulting damages occurred simultaneously (cf. *Ryan Ready Mixed Concrete Corp. v Coons,* 25 AD2d 530). Plaintiff's cause of action thus accrued, and the statutory period began to run, when each of the complained of loan transactions was made. This is not a case where the running of the statute was suspended until the discovery of the wrong (see *Shaw v Union Mut. Life Ins. Co. of N. Y.,* 91 Misc 2d 64; cf. *Schiffman v Hospital for Joint Diseases,* 36 AD2d 31). Martuscello, J. P., Latham, Damiani and Titone, JJ., concur.