■ BROOKLYN UNION GAS COMPANY et al., Appellants, v INTERBORO SURFACE Co., INC., Respondent, et al., Defendant. — In an action, *inter alia,* to recover damages for breach of contract, plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated May 28, 1981, which granted defendant Interboro Surface Co., Inc.'s motion to dismiss the fourth cause of action on the ground it was barred by the six-year Statute of Limitations. Order reversed insofar as appealed from, with $50 costs and disbursements, defendant Interboro Surface Co., Inc.'s motion is denied and plaintiffs' fourth cause of action is reinstated. Plaintiff Brooklyn Union Gas Co. (hereinafter Brooklyn Union) alleges that defendant Interboro Surface Co., Inc. (hereinafter Interboro) breached its contract, executed April 1, 1969, which required Interboro to obtain public liability and property damage insurance for the protection of Brooklyn Union as a named insured, covering claims for property damage and liability injury which might arise, *inter alia,* out of work performed by Interboro for Brooklyn Union. On January 21, 1971 defendant Hartford Accident and Indemnity Co. (hereinafter Hartford) issued a policy of liability insurance to Interboro for the term January 1, 1971 to January 1, 1972, which allegedly did not include Brooklyn Union as a named or additional insured. Plaintiff Home Insurance Co. issued a policy of excess liability insurance to Brooklyn Union for the term July 1, 1969 to July 1, 1972. In 1971 a number of actions were commenced against Brooklyn Union and Interboro, some as a result of a fire and explosion which occurred on May 14, 1971 at premises known as 89-11 153rd Street, Jamaica, New York, a site where Interboro had performed work for Brooklyn Union pursuant to the contract executed April 1, 1969. Pursuant to a letter, dated November 23, 1971, Hartford agreed to defend Brooklyn Union pursuant to Brooklyn Union's contract with Interboro, with the express reservation and understanding that by doing so it did not waive any right accruing under the aforesaid contract and that it reserved the right to disclaim all coverage of Brooklyn Union if it were disclosed before or at trial that Interboro was in no way negligent by way of omission or commission of a tortious act. Hartford provided Brooklyn Union with a defense until the eve of trial, as evidenced by a series of communications to Brooklyn Union. By letter, dated September 8, 1980, Hartford unequivocally informed Brooklyn Union that it was neither a named or additional insured under the policy issued to Interboro and of its intention to move, in the courts, to be relieved of the defense of Brooklyn Union and to disclaim coverage upon a specified contingency. The underlying actions were settled pursuant to a stipulation entered September 24, 1980, wherein Brooklyn Union was to pay $542,224 in damages and Interboro was to pay $435,000 in damages. In October, 1980, Brooklyn Union and the Home Insurance Co. commenced this action against Interboro and Hartford, *inter alia,* to recover damages for breach of contract. Generally, in a breach of contract action the Statute of Limitations commences to run from the date the contract is breached (see *Guild v Hopkins*, 271 App Div 234, 244; *Edlux Constr. Corp. v State of New York,* 252 App Div 373, affd 277 NY 635). However, in the rare case where the breach and the harm engendered by the breach are not simultaneous events, the cause of action for breach of contract accrues and the period of limitations

runs only from the occurrence of the harm (*Ryan Ready Mixed Concrete Corp. v Coons,* 25 AD2d 530). In accordance with the insurance policy in question the insurer is obligated to defend the named insured and to pay a judgment recovered against the insured to the extent of the policy limits. Brooklyn Union was harmed, at the earliest, by Interboro's alleged breach of contract to procure insurance which would protect Brooklyn Union as a named insured, on September 8, 1980. On that date Hartford purportedly declined to provide Brooklyn Union with a defense which the insurer would have been obligated to furnish a named insured. Prior to September 8, 1980, Brooklyn Union had suffered no harm since Hartford agreed to defend Brooklyn Union and apparently did defend Brooklyn Union, albeit under a reservation of rights. A reservation of rights letter merely serves to preclude a claim by the insured that the insurer has waived its right to disclaim by conducting the defense (see *Hartford Ins. Co. v County of Nassau,* 64 AD2d 604). Brooklyn Union was not harmed until notified by the letter dated September 8, 1980 that it would be forced to incur legal expenses to defend itself. Since the cause of action for breach of contract against Interboro was commenced a month after the aforesaid accrual date, it was not barred by the Statute of Limitations. Mangano, J. P., Gulotta, Thompson and Brown, JJ., concur.