■ JOSEPH A. BAUER, Respondent, v ROMAN CATHOLIC DIOCESE OF ALBANY et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered February 4, 1982 in Albany County, which denied *defendants' motion for summary judgment and to dismiss* the complaint on the ground that the action is barred by the Statute of Frauds and the Statute of Limitations. Plaintiff seeks a declaratory judgment pursuant to CPLR 3001 declaring plaintiff's rights under a memorandum of understanding entered into by plaintiff and the Reverend Richard Downs, as agent for defendants.

Plaintiff worked for defendant Catholic Charities of the Diocese of Albany (hereinafter Catholic Charities) from 1958 to 1966. He then worked for Albany Medical College from March 1, 1966 until approximately January 9, 1970 when he was recruited by Reverend Downs, the secretary-treasurer of Catholic Charities and diocesan director thereof, to rejoin Catholic Charities. In consideration of his leaving Albany Medical College, an agreement was reached between plaintiff and Reverend Downs, acting on behalf of defendants, to the effect that plaintiff would receive, at age 65, retirement benefits equal to the benefits he would have received from Albany Medical College, that is, $500 per month in addition to the usual retirement benefits which would have accrued to him from Catholic Charities' regular retirement system. The latter were estimated to be between $230 and $250 a month. Plaintiff commenced working with Catholic Charities on January 15, 1970. On November 9, 1970, Reverend Downs and plaintiff executed a "memorandum of understanding" which reiterated the terms of the verbal agreement previously reached. The memorandum was signed by plaintiff and Reverend Downs. On October 4, 1973, plaintiff requested that Reverend Downs implement an investment fund to provide a source for payment of the promised pension benefits. This was never done. Plaintiff's employment came to an end on April 1, 1978 when Catholic Charities substantially curtailed his duties and pay. Plaintiff thereupon left its employ. Special Term held that the memorandum of understanding is an enforceable agreement pursuant to section 5-701 (subd a, par 1) of the General Obligations Law in that it is facially complete as far as the understanding relating to the retirement benefit was concerned. The court found that a breach thereof occurred on April 1, 1978 when plaintiff's duties and salary were substantially altered and that the initiation of the instant action was within the six-year Statute of Limitations applicable to contracts (CPLR 213, subd 2). The agreement to pay retirement benefits designates the parties, identifies and describes the subject matter of the agreement and appears to state the essential or material terms of the contract. Whether all the material elements of the agreement are in fact contained therein must await disposition of that issue in a plenary trial. In the present posture of the case, however, the agreement is sufficient to survive a summary motion to dismiss. Plaintiff has six years in which to sue for breach of contract. The breach occurred either on April 1, 1978 when plaintiff's employment ceased or on the subsequent date when plaintiff became entitled to receive his retirement benefits, either of which is well within the prescribed Statute of Limitations. Defendants' contention that the instant action does not present a justiciable controversy as required by CPLR 3001 is specious. The present dispute is real, definite, substantial and sufficiently matured as to be ripe for judicial determination (see *Park Ave. Clinical Hosp. v Kramer*, 26 AD2d 613, 614). Order affirmed, with costs. Sweeney, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.