Titone, J.
(dissenting). The sole issue on this appeal is whether an action by an insured party against its insurance broker to recover for losses sustained because of untimely notification of loss to the insurers by the broker accrues at the time of the alleged "wrongdoing” or at the time the insurers disclaim liability. I cannot agree that such a cause of action accrues before any injury is suffered and, therefore, dissent.
"When limitations begin to run 'depends on a nice balancing of policy considerations’ ” (Martin v Edwards Labs., 60 NY2d 417, 425, quoting Victorson v Bock Laundry Mach. Co., 37 NY2d 395, 403). On the one hand, a defendant should not be called to defend a claim when the " ' "evidence has been lost, memories have faded, and witnesses have disappeared” ’ ” (Duffy v Horton Mem. Hosp., 66 NY2d 473, 476, quoting Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427, 429, quoting Developments in the Law: Statutes of Limitations, 63 Harv L Rev 1177, 1185), while, on the other hand, a wronged party should not be deprived of his claim before he has had a reasonable chance to assert it (Martin v Edwards Labs., supra, p 425; Caffaro v Trayna, 35 NY2d 245, 250-252; Flanagan v Mount Eden Gen. Hosp., supra, pp 429-431).
The general rule is that the Statute of Limitations in an action sounding in contract accrues at the time of the breach (Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38; Kassner & Co. v City of New York, 46 NY2d 544, 550; Stage v Village of Owego, 39 NY2d 1017, affg on mem at App Div 48 AD2d 985; Victorson v Bock Laundry Mach. Co., supra, p 403; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 201.02, at 2-10). It is also axiomatic, however, that an action does not accrue until "all of the facts necessary to the cause of action have occurred so that the party would be entitled to relief in court” (Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175; see, City of New York v State of New York, 40 NY2d 659; Sosnow v Paul, 36 NY2d 780). "The same test must be applied to a challenge that the action is stale as to a challenge that the *1025 action has been brought prematurely” (Schmidt v Merchants Desp. Transp. Co., 270 NY 287, 301). A cause of action is incomplete until the loss is suffered (McDermott v City of New York, 50 NY2d 211, 217; Cutro v Sheehan Agency, 96 AD2d 669). Therefore, where the breach and the loss suffered are not simultaneous, the cause of action does not accrue until the earliest date of injury (Martin v Dierck Equip. Co., 43 NY2d 583, 591; Brooklyn Union Gas Co. v Interboro Surface Co., 87 AD2d 833-834, appeal dismissed 57 NY2d 673, citing Ryan Ready Mixed Concrete Corp. v Coons, 25 AD2d 530; cf. Matter of Queensborough Community Coll. v State Human Rights Appeal Bd., 49 AD2d 766, affd 41 NY2d 926).
The question of when the injury occurs has presented difficulties. This court has held on numerous occasions that injury, no matter how insignificant and regardless of the injured party’s knowledge, in almost all cases, causes an action to accrue immediately (see, e.g., Fleishman v Lilly & Co., 62 NY2d 888, cert denied — US —, 105 S Ct 967; Thornton v Roosevelt Hosp., 47 NY2d 780; Schmidt v Merchants Desp. Transp. Co., supra; Video Corp. v Flatto Assoc., 85 AD2d 448, mod 58 NY2d 1026). Here, it is clear, however, that prior to October 1976 when the excess carriers denied liability based upon the defendant’s alleged failure to timely report plaintiff’s claims, plaintiff had sustained not even the smallest of damages. Through its alleged breach, defendant set in motion forces which later touched plaintiff’s property only through new, fortuitous conditions involving the intervening discretionary conduct of the insurance companies (see, Schmidt v Merchants Desp. Transp. Co., supra, p 300).
Thus, as this action would have been prematurely brought before the excess carriers denied liability and the action was brought within six years (CPLR 213 [2]) of the earliest injury suffered, all of the causes of action were timely (Video Corp. v Flatto Assoc., 58 NY2d 1026, supra).
Judges Meyer, Simons, Kaye, Alexander and Hancock, Jr., concur; Judge Titone dissents and votes to reverse in an opinion in which Chief Judge Wachtler concurs.
Order affirmed, with costs, in a memorandum.