Hancock, Jr., J.
(dissenting). The majority has dismissed plaintiff’s action as time-barred, holding that for purposes of the limitations period, the contract cause of action "accrued” at a time when plaintiff not only could not commence an action for breach of contract, but also had no way of knowing that a breach had occurred. The unnecessarily rigid rule which the majority has adopted for time of accrual under CPLR 203 (a) is contrary to established New York case law and, as demonstrated in this case, leads to manifestly unfair consequences by cutting short the limitations period within which a party would otherwise be permitted to commence an action. The harsh result of the majority’s holding — foreclosing plaintiff’s rights even though it did not have six years in which to bring suit — seems particularly inappropriate here. For it was due solely to defendant’s successful efforts to maintain secrecy to avoid a commission, that plaintiff did not *405 learn of defendant’s negotiations with RREEF until the sale occurred. I, therefore, dissent.
The majority, I submit, has misconstrued the plaintiffs first cause of action. The action is for breach of contract for failure to pay a real estate commission on the sale of defendant Bank’s office building at 2 Wall Street. The commission allegedly became due under a commission schedule in a management agreement containing an "exclusive right to sell” clause by which defendant agreed that all inquiries for sale of the building "shall be referred to [plaintiff], and all negotiations connected therewith shall be conducted solely by or under the direction of [plaintiff].” According to plaintiffs allegations, defendant Bank’s termination of the management agreement containing the "exclusive right to sell” clause and replacing it with another agreement omitting such clause were part of a "machiavellian procedure * * * designed to deprive Ely-Cruikshank Co., Inc. of its [commission] rights”. Applying the accepted rule that a cause of action does not accrue until its enforcement becomes possible, the Appellate Division reached the only logical conclusion: that enforcement of plaintiffs claim for the commission was not possible "until the sale of the premises, when the duty to pay the plaintiffs commission arose” (Ely-Cruikshank Co. v Bank of Montreal, 185 AD2d 182, 183; see, Schochet v Public Natl. Bank, 220 App Div 201, 203-204).
In its decision today, this Court ignores the critical facts that plaintiffs suit is for the collection of a commission and that, without the Bank’s sale to RREEF, there could be no suit because nothing could be owed. The Court’s analysis is that the Bank’s breaches of contract in conducting secret negotiations with RREEF and deceptively terminating the February 1, 1980 management agreement — allegedly done to avoid payment of a commission — occurred beyond the six-year limitation period. This conduct started the statute running and, according to the majority’s analysis, it makes no difference that the negotiations with RREEF and the illegal purpose of the termination were kept secret from plaintiff or that defendant could have had no duty to pay a commission unless and until the illicit negotiations culminated in a sale. Contrary to the majority view this result is not compelled by "settled breach of contract Statute of Limitation principles” (majority opn, at 404).
The general rule is well established and easily stated. The *406 Statute of Limitations begins to run "from the date that the cause of action 'accrue[s],’ a concept borrowed from substantive law and signifying the existence of all the factual elements necessary to maintain a lawsuit and obtain relief in court” (1 Weinstein-Korn-Miller, NY Civ Prac fl 201.02, at 2-10 — 2-11; see, e.g., Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175; Cary v Koerner, 200 NY 253, 259 ["The time when 'the cause of action has accrued,’ as that term is used in those provisions of the Code of Civil Procedure limiting the periods within which actions must be commenced, means the time when the plaintiff first became enabled to maintain the particular action in question”]). The rationale of the rule is obvious: to start the Statute of Limitations running before the plaintiff can bring an action on the claim would deprive the plaintiff of the full statutory period in which to commence the action. Application of the general rule presents difficulties, however, when a technical or theoretical breach of contract occurred at a time when barred by the Statute of Limitations but the fact that a breach has taken place does not become known until a later time within the statutory period (see, 1 Weinstein-Korn-Miller, NY Civ Prac ]f 203.01, at 2-84; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:l, at 144 ["there is an obvious injustice in permitting a statute to run on a cause of action of which the plaintiff is unaware”]).
Here, the Appellate Division majority was correct in sustaining plaintiff’s cause of action under the general rule for date of accrual — i.e., when all the factual elements necessary to maintain the lawsuit and obtain relief come into existence (see, 1 Weinstein-Korn-Miller, NY Civ Prac fl 201.02, at 2-10). Plaintiff’s action for the recovery of a commission obviously could not have been maintained until the commission was due. The defendant’s efforts to deprive its agent of its right to a commission by canceling the contract are of no effect (see, e.g., Sibbald v Bethlehem Iron Co., 83 NY 378, 391; O’Connell v Rao, 70 AD2d 982, 983, lv denied 48 NY2d 609; Restatement [Second] of Contracts § 205 ["Duty of Good Faith and Fair Dealing”], comment e, at 102; see also, Patterson v Meyerhofer, 204 NY 96, 100; Wakefield v Northern Telecom, 769 F2d 109, 114). Thus, plaintiff’s right to a commission under the "exclusive right to sell” clause remained intact and ripened into a cause of action for breach of contract when the commission came due on the sale of the building. Prior to that time any *407 claim to sue for commission would clearly have been subject to dismissal.
Assuming for the sake of argument that the critical breach (the failure to perform the duty to pay the commission) were to be ignored and that the alleged breaches of the "exclusive right to sell” clause and the improper termination could somehow be isolated and viewed separately, the reasoning of the Appellate Division majority would still be correct. As the majority at the Appellate Division properly noted, the "mere allegations of a breach of contract are insufficient to sustain a complaint in the absence of allegations of fact showing damage” (Ely-Cruikshank Co. v Bank of Montreal, 185 AD2d 182, 183, supra [emphasis added]). Thus, because the complaint was dismissable as insufficient, there was no right to relief. Under the general rule that a cause of action accrues when there is some right to relief, the cause of action could not have accrued solely as a consequence of defendant’s conduct in conducting the secret negotiations with RREEF and illicitly terminating the management agreement (see, 1 Weinstein-Korn-Miller, NY Civ Prac fl 201.02, at 2-10).
The Appellate Division’s analysis follows the established proposition that in the absence of allegations of fact showing damage, a complaint for breach of contract must be dismissed as insufficient (see, Reade v Sullivan, 259 App Div 229; Gordon v De Laurentiis Corp., 141 AD2d 435 ["the pleadings must set forth facts showing the damage upon which the action is based” (id., at 436)]; Calabria v Associated Hosp. Serv., 459 F Supp 946, 949 [SD NY] [applying New York law]).* The Appellate Division’s reasoning and the result it reaches are consistent with other decisions (see, Bauer v Roman Catholic Diocese, 91 AD2d 730, 731 [action for breach of agreement to pay retirement benefits into investment fund during plaintiff's employment did not accrue until plaintiffs termination or later when benefits became due]; Brooklyn Union Gas Co. v *408 Interboro Surface Co., 87 AD2d 833 [breach of contract action against insurance agents for failure to obtain insurance did not accrue until insurer refused to provide a defense to plaintiff]).
The case of Ryan Ready Mixed Concrete Corp. v Coons (25 AD2d 530), cited by the Appellate Division majority, illustrates the point. There, plaintiff sued defendant insurance brokers for breach of a contract to procure insurance for two successive years. Defendants allegedly breached the agreement by misinforming the insurer of plaintiff’s loss experience and by failing to procure any insurance for the second year. If measured from the date of these breaches, the six-year Statute of Limitations had run. The Court, however, held that the statute did not begin to run until after plaintiff had sustained losses and the insurer had disclaimed coverage. The Court stated:
"Although many cases hold that in a contract action the statute starts to run from the breach of the contract [citations omitted], there are cases in which the breach and the accrual of the cause of action are not simultaneous. The statute commences to run from the time when the plaintiff is first enabled to bring his action (Cary v. Koerner, 200 N. Y. 253, 259; Edlux Constr. Corp. v. State of New York, 252 App. Div. 373). It is well established that allegations of a breach of contract are not sufficient to sustain a complaint in the absence of allegations of fact showing damage [citations omitted]. It follows that a breach of contract action against defendants would not lie prior to the insurer’s disclaimer (at the earliest) because no damages could be shown” (id., at 530).
The question before us is whether the plaintiff’s cause of action should be dismissed on motion under CPLR 3211 (a) (5). We are not concerned with actual proof but solely with the sufficiency of the allegations. In rejecting the reasoning of the Appellate Division majority and the Appellate Divisions in Bauer (supra), Brooklyn Union Gas (supra) and Ryan Ready Mixed Concrete (supra) the Court adopts a simplistic rule which starts the Statute of Limitations running in a breach of contract action from the date of the earliest actions that could constitute a breach of some part of the contract although, at the time of these actions, no damage of any kind could have *409 been alleged. As noted, the rule leads to "an obvious injustice” (see, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:l, at 144).
In my view, the doctrine which the Court has now established is unnecessary and furthers no policy considerations underlying the Statute of Limitations. Beyond that, it ignores the fact that the sometimes difficult determinations of when a cause of action accrues for Statute of Limitations purposes require an analysis of the substantive law pertaining to the particular cause of action at issue (see, 1 Weinstein-KornMiller, NY Civ Prac fl 201.02, at 2-10; fl 203.01, at 2-84, 2-85). Here, the Appellate Division majority correctly analyzed the substantive law in actions for breach of contract by noting that plaintiffs cause of action for breach of an agreement to pay a commission was subject to dismissal until the commission was owed (see, Reade, supra; Gordon v De Laurentiis Corp., supra; Calabria, supra).
I cannot accept the Court’s holding which ignores the substantive law pertaining to plaintiffs claim and adopts a rule making a contract cause of action accrue at a time not only when no damage could be alleged, but when plaintiff had no way of knowing that any breaches of the contract were occurring, let alone that such unknown breaches might ultimately entitle plaintiff to sue for a commission. I, therefore, respectfully dissent.
Chief Judge Kaye and Judges Simons and Titone concur with Judge Bellacosa; Judge Hancock, Jr., dissents and votes to affirm in a separate opinion in which Judge Smith concurs.
Order reversed, etc.

 The majority’s reliance on Edlux Constr. Corp. v State of New York (252 App Div 373, affd 277 NY 635) and Kassner & Co. v City of New York (46 NY2d 544) misses the central question of this case, i.e., whether plaintiff could successfully have pleaded a cause of action for breach of contract without pleading any damages and thus have had a right to obtain relief at any time prior to the sale of the building. Neither Edlux nor Kassner are concerned with the sufficiency of the allegations in the complaint. Rather, Edlux involved a question on appeal from a judgment of the Court of Claims as to when the contract was finally completed and Kassner concerned an appeal from a summary judgment on a similar question.