NATHAN C. MELLEN, Respondent, *v.* ATHENS HOTEL COMPANY, Appellant.

*Libel — privilege — malice.*

Appeal from an order of the Supreme Court, entered on the 13th day of August, 1912.

Order affirmed, with ten dollars costs and disbursements, on opinion of Bischoff, J., with leave to defendant to withdraw demurrer and to answer on payment of costs.

Present — Ingraham, P. J., McLaughlin, Laughlin, Miller and Dowling, JJ.

The following is the opinion of Bischoff, J.:

BISCHOFF, J.: There can be no question that the matter contained in the letter set forth in the complaint injuriously affected the plaintiff in his profession. While the surrounding circumstances, as alleged, would indicate reason for a ruling upon the trial that the letter was a privileged communication, because referring to a matter of business interest common to the writer and the addressee, the complaint is not rendered thereby insufficient in law. If the writing were ostensibly privileged, a malicious intent upon the part of the writer would destroy the privilege, but the plaintiff would have the burden of proving malice upon the trial. (Odgers Lib. & Sland. [4th ed.] 236; *Hemmens* v. *Nelson*, 138 N. Y. 517, 529.) An inference of malicious intent may arise from the writer's inclusion of expressions beyond such as are necessary for the purpose of the privileged communication, but, whatever the proof available, the plaintiff need not allege his evidence. Here the complaint sets forth the fact that the matter was published maliciously, and upon proof within the allegation of fact a case for the recovery of damages would be presented. Demurrer overruled, with costs, with leave to defendant to plead over on payment of costs within twenty days.

———

Siegfried M. Bier, Respondent, v. The Twenty-fifth Construction Company, Appellant.— Judgment and order affirmed, with costs. No opinion.

Irwin T. Longworth, Respondent, v. East River National Bank, Appellant.— Judgment affirmed, with costs, with leave to defendant to answer on payment of costs. No opinion.

Ruth A. Egan, as Administratrix, etc., of Edward Egan, Deceased, Respondent, v. Thompson-Starrett Company, Appellant.— Judgment and order affirmed, with costs. No opinion. (Ingraham, P. J., and Miller, J., dissented on the ground that upon the evidence the improper position of the guard was not the proximate cause of the accident.)

The People of the State of New York ex rel. James F. Logan, Relator, v. James A. Henderson, as Superintendent of the Bureau of Buildings, Borough of the Bronx, City of New York, Respondent.— Writ dismissed and proceedings affirmed, with fifty dollars costs and disbursements. No opinion.