AUGUSTUS MAYER, Appellant, *v.* ARTHUR CHAMBERLAIN, Respondent.

Third Department, May 2, 1917.

Libel — when letter by principal of high school to State Department of Education referring to president of board of education not libelous — pleading — statement inconsistent with facts alleged — affirmative allegation of previous denial adds nothing to pleading — affirmative defense — allegation as to truth or justification or mitigation — burden of proof — instructions to jury.

A letter written by the principal of a high school to the State Department of Education containing some uncomplimentary suggestions to the president of the board of education, but of such character as to be privileged and not bearing upon its face evidence of malice, is not libelous in the absence of evidence of malice.

Where, in an action for libel based on said letter, the defendant admits writing the letter, but denies that the same was written maliciously or that the matters therein contained were false, and alleges on information

and belief that the statements in the letter are and were true, the latter allegation not being pleaded as a defense, but having been introduced as an affirmative of the previous denial that " the same was written maliciously or that the matters therein contained were false " adds nothing to the pleading as an answer.

The allegations of a complaint are controverted or put in issue only by a general or specific denial.

The material fact alleged is not controverted or put in issue by a statement inconsistent with the facts alleged or from which a general denial may be implied or inferred.

As the plaintiff alleged that the matters contained in the defendant's letter were maliciously composed and circulated, and that the letter contained " false, defamatory and libelous matter," and the material matters of malice and of falsehood were denied by the defendant, the burden of proof was upon the plaintiff.

Since the issue of the alleged falseness of the letter was raised by the allegations of the complaint and the denials of the answer, and did not depend upon any affirmative defense, the court properly refused " to charge in this connection that where the defendant pleads the truth or justification or mitigation, the burden is on the defendant as to those matters."

APPEAL by the plaintiff, Augustus Mayer, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Sullivan on the 25th day of September, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on or about the same day denying plaintiff's motion for a new trial made upon the minutes.

*Henry F. Gardner* [*John D. Lyons* with him on the brief], for the appellant.

*Guernsey T. Cross* [*Ellsworth Baker* with him on the brief], for the respondent.

WOODWARD, J.:

The complaint alleges that the plaintiff and defendant are both residents of Callicoon; that the plaintiff is a physician, practicing his profession in said town, and that he is president of the board of education of Callicoon union school, " and was of good name, fame and credit as such; " that the defendant on or about the 17th day of February, 1916, " maliciously composed, or caused to be composed, and maliciously circulated or caused to be circulated, a certain article of and

concerning the plaintiff herein, which article contained false, defamatory and libelous matter," setting out a letter written by the defendant, principal of the Callicoon high school, addressed to Dr. Charles F. Wheelock, of the Education Department at Albany, making explanations in reference to certain school matters, evidently in response to a letter from Dr. Wheelock. This letter contained some suggestions uncomplimentary to the plaintiff, but it is entirely evident that it was of such a character as to be privileged, and it does not bear upon its face evidences of malice; it is rather a mildly drawn complaint of the plaintiff in his relations to the school, and in the absence of evidence of malice it is not libelous. (*Mellen* v. *Athens Hotel Co.*, 153 App. Div. 891, and authority there cited.)

The answer admits all of the first allegation, except the allegation that the plaintiff was of good name, fame and credit, which he denied; admits writing the letter set out in the complaint, but denies that the same was written maliciously, or that the matters therein contained were false; denies the remaining allegations of the complaint as to the intent with which the matter was published, and that the facts alleged were wholly false, and alleges, on information and belief, that the allegations contained in the letter mentioned and set forth in the complaint are and were true. This latter allegation is not pleaded as a defense; it seems to have been introduced as an affirmative of the previous denial that " the same was written maliciously, or that the matters therein contained were false," and adds nothing to the pleading as an answer. The allegations of a complaint are controverted or put in issue only by a general or specific denial. A material fact alleged is not controverted or put in issue by a statement inconsistent with the facts alleged, or from which a general denial may be implied or inferred. (*Smith* v. *Coe*, 170 N. Y. 162, 167, and authorities there cited.) If there had been no denial of the essential allegation of the complaint, this affirmative allegation would not have raised the issue, and it was, therefore, mere surplusage. The defendant then, further answering, sets out the circumstances under which the letter was written, claiming that the same was privileged under the circumstances disclosed, and alleges that the same

was not published, except as it was sealed, and sent to the Department of Education. While this is not denominated a defense, it is of that character, and no question was raised as to the form of the pleading. The answer then alleges in mitigation of damages that the defendant believed the matters set forth in the letter were true; that he had heard the plaintiff use profane and vulgar language, etc., and demands that the complaint be dismissed.

The case was tried upon the issues made by the denials and the question of privilege, and the only question that survives the verdict of no cause of action, rendered by the jury is an alleged error in the charge of the court, or rather in the neglect of the court to charge as requested by the plaintiff. The learned court did not tell the jury that the letter was privileged, and that this privilege might be destroyed by a malicious intent upon the part of the writer. The jury were told about a privileged communication, but just what effect malice on the part of the writer would have was not disclosed, and the court finally submitted to the jury the question whether the statements were true or false, saying: " And whether they are true or false will depend upon the evidence, of course, in the case. The burden is upon the plaintiff to show to your satisfaction by a preponderance of evidence, the greater weight of the evidence, that he has been injuriously affected by the statements which have been made; that the statements are not true; that being false he has been affected by his reputation being injured."

Counsel for the plaintiff excepted " to that part of your charge where you state to the jury that the burden is upon the plaintiff in this case, and I ask you to charge in that connection that where the defendant pleads the truth or justification or mitigation, the burden is on the defendant as to those matters." To this the court made no response, and counsel took an exception to the silence of the court; and this presents the only question upon this appeal. The plaintiff had alleged that the matters contained in the defendant's letter were maliciously composed, maliciously circulated, and that the letter " contained false, defamatory and libellous matter." The material matters of malice and of falsehood were denied by the defendant, and there can be no question

that the " burden is upon the plaintiff in this case." The burden is always upon the plaintiff to establish the facts which are necessary to his cause of action. (*Stokes* v. *Stokes,* 155 N. Y. 581, 586.) The charge was not, therefore, open to the objection made by the plaintiff's counsel, and it only remains to be seen whether the court was called upon to give the instructions asked for by the plaintiff. The objection was to the part " of your charge where you state to the jury that the burden is upon the plaintiff in this case," and then the court is asked " to charge in that connection that where the defendant pleads the truth or justification or mitigation, the burden is on the defendant as to those matters." While there may be some justification for the abstract proposition, for one who sets up an affirmative defense is, as to such defense, charged with the burden of proof (*Stokes* v. *Stokes,* *supra*), if the case hinges upon the defense, the case here under consideration, and as submitted to the jury, did not depend upon any affirmative defense. The issue of the alleged falseness of the letter was raised by the allegations of the complaint and the denials of the answer — the abstract allegation of the truth of the allegations was not properly in the case, for it raised no issue. The issue tendered, and the one submitted to the jury, was whether the statements were true or false, and as to that issue the burden was unquestionably upon the plaintiff. No objection was made to the submission of this issue, or to the instructions of the court in the matter, except the objection to the instruction that the burden of proof was upon the plaintiff in this case, and if the only issue to go to the jury was as to the truth or falsity of the statements, this instruction was clearly right. The real question which might have been raised, whether there was evidence of malice, does not seem to have occurred to any one, and as the charge, to which no other exception was taken, became the law of the case, it cannot be held that the court erred to the prejudice of the plaintiff in refusing the modification suggested.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.