■ JON GORDON et al., Respondents, v DINO DE LAURENTIIS CORPORATION, Appellant, et al., Defendant.—Order, Supreme Court, New York County (Edith Miller, J.), entered May 4, 1987, which, *inter alia,* denied defendant's motion to dismiss each of the three causes of action in the plaintiffs' amended complaint, reversed, on the law, and plaintiffs' three causes of action are unanimously dismissed, without costs.

In August 1985, the Coca-Cola Company, through two affiliates, decided to sell its subsidiary, Embassy Pictures. Because of various financial considerations, Coca-Cola desired to reach an agreement to sell the company by September 24, 1985 and communicated to all potential buyers with whom they were negotiating that time was of the essence.

Plaintiffs are a group of investors who sought to acquire Embassy. Defendant also was negotiating to purchase the company. After unsuccessfully attempting to purchase Embassy on their own, plaintiffs proposed that they and defendant form a joint venture to acquire Embassy. During the preliminary negotiations between plaintiffs and defendant, they executed a confidentiality agreement dated September 16, 1985, requiring each party to refrain from using confidential information obtained from the other during any unilateral negotiations with Coca-Cola.

Plaintiffs were unable to raise any part of the $28 million capital they were supposed to contribute, and the proposed joint venture never materialized. Thereafter, with the September 24 deadline rapidly approaching, Dino De Laurentiis corporation negotiated on its own with Coca-Cola for the purchase of Embassy Pictures and entered into a written contract for the purchase on September 24.

In October 1985, plaintiffs commenced this action seeking to enjoin the purchase. After plaintiffs failed in their efforts to obtain a preliminary injunction, they made a motion for imposition of a constructive trust, which was denied. Following dismissal, in 1986, of four of the causes of action pleaded in the original complaint, plaintiffs redrafted their remaining claims and served the verified amended complaint here in issue which asserts three causes of action, one for breach of contract and two for fraud. Defendant's application for dismissal of the amended complaint pursuant to CPLR 3211 (a) (7) was denied in its entirety by the motion court.

We reverse and dismiss the complaint because we find that each of the three pleaded claims fails to state a cause of action.

The first cause of action alleges a breach of the confidentiality agreement and seeks damages in the amount of $35 million, apparently representing the lost opportunity of obtaining Embassy. The amended complaint alleges in boilerplate fashion that defendant disclosed confidential information to Coca-Cola and that as a consequence plaintiffs were damaged in the sum of $35 million. These vague and conclusory allegations are insufficient to sustain a breach of contract cause of action. Plaintiffs have not identified any confidential information imparted to defendant other than the specifics of their prior proposal to Coca-Cola and the financial due diligence with respect to Embassy. This information cannot be classified as confidential or secret since it was already in Coca-Cola's possession before plaintiffs disclosed it to defendant. Moreover, the complaint is fatally deficient because it does not demonstrate how the defendant's alleged breach of the confidentiality agreement caused plaintiffs any injury. The complaint contains only boilerplate allegations of damage. In the absence of any allegations of fact showing damage, mere allegations of breach of contract are not sufficient to sustain a complaint, and the pleadings must set forth facts showing the damage upon which the action is based. *(E.g.,* 4 Carmody-Wait 2d, NY Prac § 29:25; *Ryan Ready Mixed Concrete Corp. v Coons,* 25 AD2d 530; *Reade v Sullivan,* 259 App Div 229.) Since the plaintiffs' first cause of action is deficient in this regard, it must be dismissed.

The second cause of action alleges fraud in that defendant misrepresented to the plaintiffs that it would not use confidential information obtained from them to negotiate with Coca-Cola. This claim fails to state a proper cause of action and should have been dismissed. It merely restates the breach of contract claim in terms of fraud and misrepresentation. It is well settled that a cause of action for fraud will not arise when the only fraud charged relates to a breach of contract. *(E.g., Trusthouse Forte [Garden City] Mgt. v Garden City Hotel,* 106 AD2d 271.) A fraud claim is not sufficiently stated where it alleges that a defendant did not intend to perform a contract with a plaintiff when he made it, as, in essence, plaintiffs' second cause of action here alleges. *(Briefstein v Rotondo Constr. Co.,* 8 AD2d 349.)

The third cause of action should also have been dismissed. It alleges that defendant misrepresented to the plaintiffs that it would not directly negotiate a separate unilateral deal with Coca-Cola and that plaintiffs relied to their detriment on this representation and refrained from further dealings of their

own with Coca-Cola. The essential elements of a fraud claim are representation of a material fact, falsity, scienter, deception, and injury. *(E.g., Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 407.) Here, no facts are alleged from which can be inferred the essential element of injury. There is no allegation that but for the defendant's alleged fraud, plaintiffs would have been able to strike a deal on their own with Coca-Cola. The conclusory allegations of the complaint do not contain any factual detail showing specific damages resulting from the purported misrepresentations and therefore are insufficient to establish a claim in fraud. *(See,* CPLR 3016 [b]; *Glassman v Catli,* 111 AD2d 744; *Kensington Publ. Corp. v Kable News Co.,* 100 AD2d 802.) Concur—Kupferman, J. P., Ross, Milonas, Rosenberger and Ellerin, JJ.