■ SOUNDVIEW SHOPPING CENTER, Appellant-Respondent, v PORT BAY ASSOCIATES, Respondent-Appellant, et al., Defendants. [646 NYS2d 159] —In an action to recover counsel fees and legal expenses pursuant to the terms of a "groundlease" between the parties, (1) the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated June 21, 1995, as denied the branch of its cross motion which was for summary judgment on the issue of liability against the defendant Port Bay Associates, and (2) the defendant Port Bay Associates cross-appeals from so much of the same order as denied the branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, the branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against the defendant Port Bay Associates is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff Soundview Shopping Center (hereinafter Soundview) is the landlord and the defendant Port Bay Associates (hereinafter Port Bay) is the tenant under a long-term groundlease (hereinafter the lease) executed by the parties. In 1992, Port Bay commenced an action against Soundview, inter alia, for declaratory relief and reformation of the lease. Soundview successfully moved for summary judgment in that action and thereafter commenced the present action against, inter alia, Port Bay seeking the attorneys' fees and litigation expenses it allegedly incurred in the prior action. Soundview bases its claim upon section 22.12 of the parties' lease, which governs the landlord's recovery of legal expenses under certain circumstances.

We agree with Soundview that it is entitled to recover these

expenses as a matter of law pursuant to the clear and unambiguous language set forth in section 22.12 of the lease *(see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157). Interpreting that provision pursuant to its plain terms *(see generally, Sutton v East Riv. Sav. Bank,* 55 NY2d 550; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285), we find as a matter of law that Soundview's defense of the prior action and its successful motion for summary judgment therein, constituted "enforcement" of the covenants and provisions of the lease, one of the conditions under which it is entitled to recover legal expenses. Accordingly, the matter is remitted to the Supreme Court, Queens County, for a determination of the amount to be awarded to Soundview.

We have considered Port Bay's remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Sullivan and Altman, JJ., concur.