■ ARTS4ALL, LTD., et al., Appellants, v JUDITH L. HANCOCK, Respondent. [773 NYS2d 348]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered September 25, 2003, which, in an action by a corporation (Arts4All) and its Chief Executive Officer (Humphrey) against a former employee, granted defendant's motion to dismiss the first amended complaint pursuant to CPLR 3211 (a) (7), unanimously modified, on the law, to deny the motion as to (1) the portion of the first cause of action for breach of the no-disparagement clause in the subject severance agreement pertaining to defendant's statement to various persons in the State of Ohio, but to allow only Arts4All to assert such claim, and to limit damages to $975,000, (2) the second cause of action for slander based on defendant's statements to one Korn, (3) the seventh cause of action for libel based on defendant's statements to Arts4All's Board, and (4) the portion

of the twelfth cause of action for prima facie tort pertaining to defendant's statement to Ohio officials, but to allow only Arts4All to assert such claim, and otherwise affirmed, without costs.

The causes of action arising out of defendant's letter to a New Jersey judge presiding over a case involving Arts4All (the fourth for breach of the no-disparagement clause, the fifth for libel, the sixth for the New Jersey's judge's republication of the letter to the attorneys involved in the case, parts of the first for breach of the no-disparagement clause and parts of the twelfth for prima facie tort) were properly dismissed because of the absolute witness privilege (*see Park Knoll Assoc. v Schmidt*, 59 NY2d 205, 209-210 [1983]). Although not part of the complaint, we have considered both the severance agreement, in which defendant agreed to be a witness in the New Jersey litigation, and the letter itself, in which defendant expressed concern to the judge that Arts4All "may be attempting to intimidate me for the purpose of influencing my testimony," both of which were attached to defendant's papers in support of the motion (CPLR 3211 [a] [1]; *see Ark Bryant Park Corp. v Bryant Park Restoration Corp.*, 285 AD2d 143, 150 [2001]). We reject plaintiffs' argument that the privilege applies only to statements made under oath and not to out-of-court statements addressed to the court by a prospective witness (*see Impallomeni v Meiselman, Farber, Packman & Eberz*, 272 AD2d 579 [2d Dept 2000], *lv denied* 95 NY2d 764 [2000]; *Middlesex Concrete Prods. & Excavating Corp. v Carteret Indus. Assn.*, 68 NJ Super 85, 172 A2d 22 [1961]).

The causes of action arising out of defendant's alleged statement that Arts4All is poorly run to one Wray, a teacher who is a department of education history grant coordinator in Kansas (parts of the first for breach of the no-disparagement clause and parts of the twelfth for prima facie tort), were properly dismissed because the complaint alleges no facts showing any causal connection between the statement and Arts4All's failure to obtain a federal appropriation (*see Broadway & 67th St. Corp. v City of New York*, 100 AD2d 478, 486 [1984]), or otherwise showing any damages caused by the statement (*see Gordon v De Laurentiis Corp.*, 141 AD2d 435, 436 [1988]). Indeed, all parts of the twelfth cause of action, except that relating to defendant's statement to various Ohio officials, were properly dismissed because the complaint alleges no connection between any of defendant's statements and Arts4All's failure to obtain the federal appropriation.

The ninth cause of cause for tortious interference with prospective business relations arising out of defendant's statements

to Korn, a principal of a company that had previously worked on various projects with Arts4All, was properly dismissed. The complaint, which alleges that defendant wanted to recruit Korn to form a company that would compete with Arts4All, shows that defendant's statements were not motivated solely by malice (*see Entertainment Partners Group v Davis*, 198 AD2d 63, 64 [1993]; *M.J. & K. Co. v Matthew Bender & Co.*, 220 AD2d 488, 490 [1995]). The portion of the first cause of action arising out of defendant's statements to Korn was also properly dismissed, there being no allegations showing that Arts4All would have realized a profit from the alleged prospective contract with Korn (*see Gordon*, 141 AD2d at 436), or otherwise showing any damages caused thereby.

However, the second cause of action for slander arising out of defendant's statements to Korn should not have been dismissed. We decline to consider defendant's argument, raised for the first time on appeal, that this cause of action fails to comply with CPLR 3016 (a); if defendant had raised this argument before the motion court, plaintiffs could have submitted an affidavit in opposition curing the defects, if any (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]). We reject defendant's argument that her alleged statements to Korn constitute nonactionable opinion. An opinion that implies a basis in facts that are not disclosed to the listener is actionable (*Gross v New York Times Co.*, 82 NY2d 146, 153 [1993]). Defendant's alleged statement that Korn "would be extremely upset if he knew how [Arts4All] is really run," combined with her alleged statement that "she had terminated her relationship with Arts4All because the company is poorly run," imply that defendant, a former employee of Arts4All, knows undisclosed, detrimental facts about how Arts4All is run. Even if the common interest privilege applies because defendant was trying to recruit Korn, plaintiffs can defeat this qualified privilege by showing that defendant spoke with malice (*see Liberman v Gelstein*, 80 NY2d 429, 437 [1992]). Plaintiffs have "no obligation to show evidentiary facts to support [their] allegations of malice on [this] motion to dismiss [the] complaint" (*Terry v County of Orleans*, 72 AD2d 925, 927 [1979]; *Mellen v Athens Hotel Co.*, 153 App Div 891 [1912]). Because defendant's statements to Korn fit into the category of slander per se, "the law presumes that damages will result, and they need not be alleged" (*Liberman*, 80 NY2d at 435).

The seventh cause of action for libel arising out of defendant's alleged statements to Arts4All's Board of Directors—inter alia, that Humphrey promoted deceptive accounting practices, used

Arts4All's time and resources for personal business without authorization, and provided false information to government agencies and insurance companies—should not have been dismissed. Here too, we decline to consider defendant's belated argument that plaintiffs' allegations fail to comply with CPLR 3016 (a). We reject defendant's argument that because the severance agreement defines Arts4All to include Humphrey, her alleged statements were not published to a third party. No reason appears for importing a contract definition into a libel claim. Although the common interest privilege applies, plaintiffs have sufficiently pleaded malice to survive a motion to dismiss (*see Mellen*, 153 App Div 891). However, only Humphrey has standing to assert the seventh cause of action, since the alleged libelous statements are only about him (*see Carlucci v Poughkeepsie Newspapers*, 57 NY2d 883 [1982]). The portion of the first cause of action arising out of these statements, alleging disparagement before Arts4All's Board and counsel, was properly dismissed for lack of allegations showing the damages caused thereby (*see Gordon*, 141 AD2d at 436).

Plaintiffs' causes of action for libel and injurious falsehood arising out of the document that defendant allegedly sent to various Ohio officials (third and eighth) were properly dismissed. Plaintiffs' allegations show that defendant, in stating that Arts4All should not receive Ohio taxpayers' money, disclosed that she was basing this opinion on articles published on Arts4All's Web site themselves expressing opinions on matters of public interest (*see Gross*, 82 NY2d at 153-154; *Chernick v Rothstein*, 204 AD2d 508 [1994], *lv denied* 84 NY2d 806 [1994]).

We reject defendant's argument that the first cause of action contains no allegations showing how her statements to Ohio officials damaged plaintiffs. Other paragraphs of the complaint allege that, as a result of defendant's statement, negotiations for a federal appropriation were abruptly terminated, causing Arts4All $975,000 in lost profits. It would be overly formalistic to dismiss the first cause of action on the ground that it does not repeat and reallege these paragraphs (CPLR 3026). Defendant also contends that because there are so many variables and contingencies in obtaining a federal appropriation, plaintiffs cannot show a causal connection between her statement to Ohio officials and Arts4All's failure to obtain the appropriation. Such argument would be more appropriately raised after joinder of issue. Giving the complaint every favorable inference, it is plausible that after receiving defendant's anti-Arts4All statement, Ohio officials put pressure on the University of Toledo and the Ohio Supercomputing Center not to pursue their

request for a federal appropriation, which request would have benefitted Arts4All, refused to lobby their Congressional representatives in favor of this grant, and/or actively lobbied their Congressional representatives to oppose the grant. Therefore, we reinstate the portion of the first cause of action relating to defendant's statement to various persons in Ohio. However, we reduce the amount of damages requested from $5 million, which is not supported by any alleged facts, to $975,000. Furthermore, only Arts4All has standing to bring this claim for breach of the no-disparagement clause, since Humphrey is neither a party thereto nor an alleged third-party beneficiary thereof, and, moreover, the document disparages only Arts4All, not Humphrey. For these same reasons, the portion of the twelfth cause of action for prima facie tort based on these statements to Ohio officials should be reinstated, but only as to Arts4All. Assuming that CPLR 3211 (g) applies, plaintiffs demonstrate "a substantial basis in law" for those portions of the first and twelfth causes of action relating to the document sent to Ohio.

The tenth and eleventh causes of action alleging "theft" of documents belonging to Arts4All and Humphrey were properly dismissed on the ground that there is no cause of action for theft. We note that on appeal plaintiffs insist that they are suing for theft, not conversion, citing the Penal Law. In view of the foregoing, we decline to consider whether plaintiffs state a cause of action for conversion.

Plaintiffs' request for leave to replead is denied (CPLR 3211 [e]). Concur—Buckley, P.J., Mazzarelli, Saxe, Ellerin and Marlow, JJ.