■ M'HAMMED SOUMAYAH, Respondent, v LIZA MINNELLI et al., Appellants. [797 NYS2d 287]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered February 9, 2005, which, to the extent appealed from as limited by the brief, denied defendants' motion for preliminary injunctive relief, unanimously affirmed, without costs.

Statements made in the course of and about judicial proceedings, such as those defendants seek to enjoin, are privileged, notwithstanding the existence of a confidentiality agreement purporting to bar the kind of disclosures such statements would likely contain (*see Youmans v Smith*, 153 NY 214, 219 [1897]; *Arts4All, Ltd. v Hancock*, 5 AD3d 106, 108 [2004]; *and see* Civil Rights Law § 74; *Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63, 67 [1979]; *Denise Rich Songs, Inc. v Hester*, 5 Misc 3d 1013[A], 2004 NY Slip Op 51360[U] [2004]). While litigation may not be commenced and prosecuted solely as a vehicle and occasion to disseminate false and defamatory matter, defendants have produced no evidence to support an inference that this litigation has such a singularly malicious agenda (*cf. Williams v Williams*, 23 NY2d 592, 596 [1969]). Thus, we note defendants do not contend that the complaint's allegations are false and they point to no statement in the complaint unrelated to the legal claims asserted (*see Seltzer v Fields*, 20 AD2d 60, 62 [1963], *affd* 14 NY2d 624 [1964]). Concur—Andrias, J.P., Marlow, Sullivan, Ellerin and Nardelli, JJ.