■ THE PEOPLE OF THE STATE OF NEW YORK, by ELIOT SPITZER, as Attorney General, Plaintiff, v RICHARD A. GRASSO et al., Defendants. RICHARD A. GRASSO, Cross-Claim Plaintiff-Appellant, v THE NEW YORK STOCK EXCHANGE, INC., et al., Cross-Claim Defendants-Respondents. [801 NYS2d 584]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 25, 2005, which granted cross-claim defendants' motion to dismiss the fifth cause of action of the cross claims asserted by defendant and cross-claim plaintiff Richard A. Grasso, unanimously reversed, on the law, without costs, the motion denied and the fifth cause of action of Grasso's cross claims reinstated.

At issue in this pleading-stage appeal is defendant Grasso's fifth cross claim against codefendant The New York Stock Exchange, Inc. (NYSE) and NYSE's current chairman, John S. Reed. In this cross claim, Grasso, the former chairman and chief executive officer of NYSE, alleges that NYSE and Reed defamed him in two public statements NYSE issued after Grasso resigned from his NYSE offices. The challenged statements essentially expressed the opinion that NYSE had potential litigation claims based on Grasso's receipt of allegedly excessive compensation from NYSE, which compensation had been the subject of extensive reports and discussion in the news media. The first allegedly defamatory statement was a remark by Reed, quoted in the December 21, 2003 New York Times, to the effect that, if a person "trained in the law" were to read an internal report (the Webb report) that NYSE had commissioned on the manner in which Grasso's compensation had been set, such a person "would say that there is information in that report that

would support a potential legal action." The second allegedly defamatory statement was a January 8, 2004 NYSE press release stating that Reed had informed the Securities and Exchange Commission (SEC) and the New York Attorney General that the NYSE Board "had reviewed and discussed the [Webb] report, concluding that 'serious damage has been inflicted on the Exchange by unreasonable compensation of the previous Chairman and CEO, and by failure of governance and fiduciary responsibility that led to the compensation excesses as well as other injuries.' "

In the order appealed from, the IAS court granted the motion by NYSE and Reed to dismiss the defamation cross claim pursuant to CPLR 3211 (a) (7). Since Grasso has stated a cause of action for defamation, we now reverse and reinstate the cross claim.

The challenged statements, although expressing opinions, are actionable because an average reader rationally could have construed them (*see November v Time Inc.*, 13 NY2d 175, 179 [1963]) to imply that the opinions being expressed were based on detrimental facts that were known to the speaker from the Webb report, but which facts were not disclosed to the audience (*see Gross v New York Times Co.*, 82 NY2d 146, 153-154 [1993]; *Guerrero v Carva*, 10 AD3d 105, 112 [2004]; *Arts4All, Ltd. v Hancock*, 5 AD3d 106, 109 [2004]; *Pontarelli v Shapero*, 231 AD2d 407 [1996]; *cf. Brian v Richardson*, 87 NY2d 46, 54 [1995]). Since the statements are reasonably susceptible of a defamatory connotation, it is the function of the trier of fact to say whether "the ordinary and average reader" was likely to have understood the statements in a defamatory sense (*James v Gannett Co.*, 40 NY2d 415, 419 [1976]). Given that the challenged statements concerned allegations that Grasso's compensation had been excessive, whether the defamatory implications (if any) of the statements were "of and concerning" Grasso is also a question for the trier of fact (*see Bee Publs. v Cheektowaga Times*, 107 AD2d 382, 385 [1985]; *Grinaldo v Meusburger*, 34 AD2d 586, 587 [1970], *appeal dismissed* 27 NY2d 598 [1970]). Further, to the extent the trier of fact may find the statements to have defamed Grasso, the statements are defamatory per se, since any defamatory implications relate to Grasso's integrity in performing his duties as chairman and chief executive officer of NYSE, thereby affecting his business and professional reputation (*see Liberman v Gelstein*, 80 NY2d 429, 435 [1992]).

Finally, we note that the cross claim sufficiently pleads that the allegedly defamatory statements were made with the "actual malice" (i.e., knowledge of falsity, or reckless disregard of truth

or falsity) required to support a defamation claim by a public figure. Whether Grasso (who concedes that he is a public figure) will be able to sustain his burden of proving actual malice at trial cannot be determined at this prediscovery stage of the litigation (*see Arts4All*, 5 AD3d at 109; *Alianza Dominicana, Inc. v Luna*, 229 AD2d 328, 329 [1996], *lv dismissed* 89 NY2d 1029 [1997]). Concur—Mazzarelli, J.P., Friedman, Nardelli and Sweeny, JJ.