■ ASHER EDELMAN et al., Appellants, v EMIGRANT BANK FINE ART FINANCE, LLC, et al., Respondents, et al., Defendants. [933 NYS2d 270]—

Plaintiffs' third cause of action, which is based on an alleged misrepresentation made in the fall of 2008, is barred by the release in the Standstill Agreement, which is dated as of October 14, 2009. The release includes contingent claims, and this claim of a March 2010 injury arising out of the parties' December 2008 and January 2009 agreements was a contingent claim at the time the Standstill Agreement was executed (*see Matter of People*, 272 NY 210, 214 [1936]).

Plaintiffs make no arguments on appeal as to the fourth cause of action or the second cause of action to the extent it relates to the pre-Standstill Agreement period; they have therefore abandoned their appeal as to these claims (*see e.g. Matter of*

*Metropolitan Museum Historic Dist. Coalition v De Montebello*, 20 AD3d 28, 34 [2005]).

With respect to the remainder of the second cause of action, plaintiffs' claim that defendants "never had [any] intention of finalizing" the loan modification on which defendant Emigrant Bank Fine Art Finance, LLC "ultimately reneged" does not make a fraud cause of action out of a breach of contract claim (*see Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 118 [1998]; *see also Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436 [1988]).

As to plaintiffs' first cause of action, even if, under the March 8, 2010 Pre-Negotiation Agreement, defendants were required to send written notice of termination of discussions before sending a notice of default under the loan documents, the complaint's conclusory allegation of damages is insufficient to sustain the cause of action (*see e.g. Arcidiacono v Maizes & Maizes, LLP*, 8 AD3d 119 [2004]; *Gordon*, 141 AD2d at 436).

The procedure directed by the motion court for entertaining defendants' request for attorneys' fees was proper.

The attorneys' fee provision in the Standstill Agreement applies to the "enforcement" thereof; defendants' defense of the instant action constitutes enforcement of the agreement (*see Soundview Shopping Ctr. v Port Bay Assoc.*, 230 AD2d 729 [1996]). Concur—Mazzarelli, J.P., Andrias, Friedman, Catterson and Freedman, JJ.