■ CECO STUDIOS, L.L.C., Respondent, v C & D WEST 14TH STREET LLC, Appellant. [940 NYS2d 260]—

Order, Supreme Court, New York County (James A. Yates, J.), entered October 8, 2010, which, insofar as appealed from, denied defendant's motion to dismiss the first and third causes of action pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, with costs and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff landlord alleges that defendant tenant breached the parties' lease by failing to use commercially reasonable efforts to obtain certain governmental approvals that were necessary to use plaintiff's building in a particular manner. The motion court found, and plaintiff does not dispute, that this failure was not an Event of Default, as defined in the lease; therefore, neither article 3 (b) (2) nor 19 (b) (3) applies, and the only allegation of damages in the first cause of action is, "Tenant's breach of the Lease has caused Landlord monetary damages in an amount to be determined at trial, but not less than $9 million, plus interest." This is insufficient (*see e.g. Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436 [1988]; *Edelman v Emigrant Bank Fine Art Fin., LLC*, 89 AD3d 632, 633 [2011]).

Plaintiff, inter alia, did not try to enforce defendant's obligation to use commercially reasonable efforts to obtain the governmental approvals; instead, it terminated the lease and brought this lawsuit seeking damages. Under these circumstances, and given that attorneys' fees provisions should be

strictly construed (*see e.g. Gottlieb v Such*, 293 AD2d 267, 268 [2002], *lv denied* 98 NY2d 606 [2002]), we do not find that article 35 (r) of the lease—on which the third cause of action relied—applies to the case at bar. Concur—Andrias, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.