■ ERE LLP, Appellant, v SPANIERMAN GALLERY, LLC, et al., Respondents. [942 NYS2d 472]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered April 28, 2011, which granted plaintiff's motion for

partial summary judgment on an account stated only in the amount of $17,558, and denied its motion to dismiss as to defendants' second and fifth counterclaims, unanimously modified, on the law, to award plaintiff the full $90,539 plus interest as against defendant Spanierman Gallery, LLC, and $6,000 plus interest as against defendant Thomas Cole Foundation, and to dismiss the second and fifth counterclaims, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

The motion court correctly found that plaintiff was entitled to summary judgment on its first cause of action, for account stated (*see e.g. Chisholm-Ryder Co. v Sommer & Sommer*, 70 AD2d 429, 431 [1979]). Contrary to defendants' argument on appeal, the fact that an invoice is not itemized "does not . . . prevent an account stated from being created" (*Zanani v Schvimmer*, 50 AD3d 445, 446 [2008]; *see also e.g. Fink, Weinberger, Fredman, Berman & Lowell v Petrides*, 80 AD2d 781 [1981], *lv dismissed* 53 NY2d 1028 [1981]). Plaintiff established entitlement to a total of $96,539, not just the $17,558 awarded by the motion court.

On appeal, defendants clarify that their second counterclaim (for bad faith) is for breach of the covenant of good faith and fair dealing inherent in every contract. However, "it is unnecessary for a party to a contract dispute to raise the issue of good faith. The duty of good faith and fair dealing is implicit in the performance of contractual obligations to the extent that a separately stated cause of action asserting breach of that duty is routinely dismissed as redundant" (*Banc of Am. Sec. LLC v Solow Bldg. Co. II, L.L.C.*, 47 AD3d 239, 243-244 [2007] [citations omitted], *appeal withdrawn* 16 NY3d 796 [2011]). Therefore, we dismiss the second counterclaim as redundant of the fifth counterclaim (for breach of contract).

The fifth counterclaim should have been dismissed for lack of damages. A counterclaim "is fatally deficient" if "it does not demonstrate how the [counterclaim] defendant's alleged breach of the . . . agreement caused [counterclaim] plaintiffs any injury" (*Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436 [1988]). As in *Gordon*, the pleading "contains only boilerplate allegations of damage" (*id.*). "In the absence of any allegations of *fact* showing damage, mere allegations of breach of contract are not sufficient to sustain a complaint, and the pleadings must set forth *facts* showing the damage upon which the action is based" (*id.* [emphasis added]; *see also e.g. Edelman v Emigrant Bank Fine Art Fin., LLC*, 89 AD3d 632, 633 [2011]). Based on (1) the affidavit that defendant Ira Spanierman

submitted in opposition to plaintiff's summary judgment motion and (2) defendants' brief on appeal, it is possible that plaintiff's alleged delay in filing tax forms caused defendants hardship. However, the agreement between plaintiff and Spanierman Gallery specifically disclaimed consequential damages, and such a limitation will be upheld (*see e.g. Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 84 NY2d 430, 436 [1994]). In addition, the agreement limited plaintiff's liability to "the professional fees [plaintiff] has actually received from [Spanierman Gallery] pursuant to this engagement letter." Such a limitation will also be upheld (*see Florence v Merchants Cent. Alarm Co.*, 51 NY2d 793, 795 [1980]). Defendants do not need discovery to oppose plaintiff's summary judgment motion because the damages that they suffered are "a matter within their own knowledge" (*Duane Morris LLP v Astor Holdings Inc.*, 61 AD3d 418, 419 [2009]). Concur—Andrias, J.P., Friedman, Acosta, Freedman and Richter, JJ.