16-3105-cv
Pu v. Russell Publishing Group, Ltd.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of March, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DEBRA ANN LIVINGSTON,
                   *Circuit Judges*.

_____

RICHARD PU,

                   *Plaintiff-Appellant*,

             v.                                          16-3105-cv

RUSSELL PUBLISHING GROUP, LTD.,

                   *Defendant-Appellee*.[1]

_____

Appearing for Appellant:     Richard Pu, pro se, New York, NY.

Appearing for Appellee:      Julia Gavrilov, Moritt Hock & Hamroff LLP,
                             Garden City, NY.

Appeal from the United States District Court for the Southern District of New York (Broderick, *J.*).

---

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Richard Pu appeals from the September 2, 2016 judgment of the United States District Court for the Southern District of New York (Broderick, *J.*) in favor of Russell Publishing Group, Ltd. ("RPG"), in his suit for breach of contract, breach of fiduciary duty, and unjust enrichment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo a district court's decision to grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). We affirm the dismissal of Pu's claims for breach of contract based on RPG's alleged breach of fiduciary duty and unjust enrichment for substantially the reasons stated by the district court in its thorough decision.

With respect to his breach of contract claim based on RPG's failure-to-cooperate, Pu argues that the district court relied only on cases involving summary judgment when it concluded that he failed to allege damages with particularity, and that the same standard is not applicable in deciding a motion to dismiss on the pleadings. Pu is correct that he was not required to allege damages with particularity. However, he was required to allege facts showing that the complained-of activity caused him damages in order to state a claim for breach of contract. *See Gordon v. Dino De Laurentiis Corp.*, 141 A.D.2d 435, 436 (1st Dep't 1988) ("In the absence of any allegations of fact showing damage, mere allegations of breach of contract are not sufficient to sustain a complaint, and the pleadings must set forth facts showing the damage upon which the action is based."). And he failed to do so, instead alleging only in a conclusory fashion that he "was required to do an additional $100,000 in work." App'x at 24. Accordingly, the district court properly dismissed this claim.

As to Pu's claim based on RPG's failure to reimburse $3,582.84 in stenographer's fees, the district court concluded that Pu was judicially estopped from asserting this claim based on his representation to a magistrate judge in a prior proceeding that he and his then-client RPG had reached an agreement regarding a fee dispute. "Typically, judicial estoppel will apply if: 1) a party's later position is clearly inconsistent with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel." *DeRosa v. Nat'l Envelope Corp.*, 595 F.3d 99, 103 (2d Cir. 2010) (internal quotation marks omitted).

Here, Pu twice wrote to the magistrate judge in April 2015 stating that he (1) believed "the [fee dispute] matter has been mooted," (2) that he had "sent [Ms. Russell] a revised final bill, showing a $193 credit in her favor," (3) that he had sent Ms. Russell "a revised final accounting setting forth our respective entitlements to payment from [QG Printing]," App'x 36, and (4) that he had agreed with Ms. Russell "on [their] respective entitlements," and that she had "signed the Settlement Agreement." App'x at 38. The district court correctly found that these representations to the court indicated that the parties had fully settled their dispute such that the district court issued an order of discontinuance. Judicial estoppel does not apply when the

2

inconsistent positions result from "a good faith mistake or an unintentional error," *Simon v. Safelight Glass Corp.*, 128 F.3d 68, 73 (2d Cir. 1997) (citation omitted). However, Pu failed to demonstrate that the inconsistency in his position is the result of "a good faith mistake or an unintentional error." We find no error with the district court's analysis.

Pu also challenges, on due process grounds, the district court's order that he show cause why sanctions should not issue against him. However, an order to show cause is not an appealable final order, and we therefore lack jurisdiction to review it. *See Weitzman v. Stein*, 897 F.2d 653, 657 (2d Cir. 1990).

We have considered Pu's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk