Magnetic Parts Trading Ltd. v National Air Cargo Group, Inc. (2024 NY Slip Op 01513)

Magnetic Parts Trading Ltd. v National Air Cargo Group, Inc.

2024 NY Slip Op 01513

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Singh, J.P., González, Scarpulla, Higgitt, Rosado, JJ. 

Index No. 653266/20 Appeal No. 1870 Case No. 2023-05342 

[*1]Magnetic Parts Trading Limited, Appellant,
v
National Air Cargo Group, Inc., Doing Business as National Airlines, Respondent.

Vedder Price P.C., New York (Courtney M. Brown and Daniel C. Green of counsel), for appellant.
Hantman & Associates, New York (Robert J. Hantman of counsel), for respondent.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about October 10, 2023, which denied plaintiff Magnetic Parts Trading Limited's motion to dismiss the counterclaim for breach of contract, unanimously reversed, on the law, without costs, and the motion granted.
The parties entered into a lease by which Magnetic leased an aircraft engine to defendant National Air Cargo Group, Inc. (National). Under Section 5, which is in boldface and all caps, National "unconditionally" agreed that it "waives all rights, remedies and damages, including incidental and consequential damages . . . with regard to the" aircraft engine, other than claims based on willful misconduct or gross negligence of Magnetic. Such limitations of damages are enforceable (see ERE LLP v Spanierman Gallery, LLC, 94 AD3d 492, 494 [1st Dept 2012]; L.K. Sta. Group, LLC v Quantek Media, LLC, 62 AD3d 487, 492 [1st Dept 2009]).
The broad waiver in the second paragraph of Section 5 is not limited by the prefatory language in the first sentence of the first paragraph of Section 5, which provides that, "without prejudice" to Section 12 of the Lease, the engine "is to be delivered and leased as is, where is." The "without prejudice" clause in the first sentence of paragraph 1 of Section 5 plainly relates to the "as is" delivery of the engine and does not modify the next paragraph of Section 5 containing the lessee's waiver of damages. In fact, the waiver paragraph of Section 5 has its own prefatory language stating that "save as expressly stated in this agreement, [the] parties unconditionally agree as follows[,] it being emphasized that the following is fundamental to the terms of this agreement."
"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Contrary to National's contention, enforcing the agreed-upon waiver does not render meaningless Section 12, concerning the parties' obligations if the engine becomes "unserviceable," as it does not preclude National's ability to raise a breach of Section 12 by Magnetic to relieve National of its own obligations under the lease or as a defense to Magnetic's claim against it for unpaid rent.
As National fails to identify, in its amended complaint, any damages that are not
precluded by the broad damages waiver in Section 5 of the lease, Supreme Court should have granted Magnetic's motion to dismiss National's counterclaim.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024