585 Gerard Acquisition LLC v G.A.L. Mfg. Co., LLC (2024 NY Slip Op 05821)

585 Gerard Acquisition LLC v G.A.L. Mfg. Co., LLC

2024 NY Slip Op 05821

Decided on November 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2024

Before: Webber, J.P., Singh, Gesmer, Pitt-Burke, Michael, JJ. 

Index No. 807353/22 Appeal No. 3086 Case No. 2023-02799 

[*1]585 Gerard Acquisition LLC, Plaintiff-Appellant,
v
G.A.L. Manufacturing Company, LLC, et al., Defendants-Respondents.

Rosen Law LLC, Great Neck (Joseph Noonan of counsel), for appellant.
Weil, Gotshal & Manges LLP, New York (Richard W. Slack of counsel), for G.A.L. Manufacturing Company, LLC, Group 585 LLC and Ontario Teachers' Pension Plan, respondents.
Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Gregory Laufer of counsel), for Golden Gate Capital, L.P., respondent.

Order, Supreme Court, Bronx County (Fidel E. Gomez J.), entered on or about May 23, 2023, which insofar as appealed from, granted defendants' motions to dismiss the amended complaint in its entirety with prejudice pursuant to CPLR 3211(a)(1) and (a)(7), unanimously affirmed, without costs.
The court properly considered the documentary evidence defendants appended to their attorney affirmations in support of their motions, which consisted of amendments to the purchase and sale agreement and the letter by G.A.L. Manufacturing Company, LLC and Group 585 LLC (the GAL defendants) terminating the agreement. Those documents, whose existence and authenticity are not questioned by plaintiff, were properly before the court as attachments to attorney affirmations that served as the vehicle for the submission of the documentary evidence (see Lloyd's Syndicate 2987 v Furman Kornfeld & Brennan, LLP, 182 AD3d 487, 488 [1st Dept 2020], lv denied 36 NY3d 904 [2021]), and plaintiff fails to show that defendants' motion to dismiss based on documentary evidence otherwise relied on any facts and narratives that were improperly presented to the court outside of an affirmation by a person with personal knowledge.
The appended documents established the GAL defendants' right to terminate the agreement, which they did in a timely manner. CPLR 3211(a)(1) dismissal of the contract-based claims for specific performance, breach of written/oral contract, promissory estoppel, unjust enrichment, tortious interference with contract, and breach of the implied covenant of good faith (first to fifth, seventh, and fourteen to sixteen causes of action) was proper. The documentary evidence utterly refuted plaintiff's allegations that the termination provision in the operative amended purchase and sale agreement was ineffective based on an oral agreement requiring the GAL defendants to close the sale. The agreement in effect at the time of the purported oral promise included a termination provision and provided that its terms could only be modified in writing, and the superseding amended agreement executed after the purported oral promise retained the termination right, thus conclusively establishing defenses to these causes of action (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; 150 Broadway N.Y. Assoc., L.P. v Bodner, 14 AD3d 1, 5 [1st Dept 2004]). The court properly rejected plaintiff's argument that there was partial performance of the purported oral agreement that would have made it effective despite the terms of the subsequent written amended purchase and sale agreement. The court also properly dismissed the quantum meruit cause of action (twelfth cause of action) because the documentary evidence established that plaintiff agreed to incur the expenses for its helping GAL defendants find a new location.
The fraud-based claims (sixth, tenth, and eleventh causes of action) were based on the allegations that the GAL defendants and Golden Gate Capital, LLC never [*2]intended to convey the properties to plaintiff and that the only reason for entering into the purchase and sale agreement in 2018 and soliciting a letter of intent from plaintiff in 2021 was to inflate the price they could obtain from defendant Ontario Teachers' Pension Plan. Although based on this unlikely theory, these claims were properly dismissed as duplicative of the contract-based claims (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 62-63, 67 [1st Dept 2017]; Gordon Dino De Laurentis Corp., 141 AD2d 435, 436 [1st Dept 1988]).
To the extent plaintiff argues that the court erred in dismissing the remaining causes of action, we have considered those arguments, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2024